UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRISTAN MATHEW FERNANDES,

                  Plaintiff,

                  -v.-

TODD BLUMENTHAL; BRIAN ENG; STEPHEN WEAFER; LOCAL 32BJ SEIU; and FIRST SERVICE RESIDENTIAL,

                  Defendants.

23 Civ. 9534 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff filed the Complaint in this action on October 27, 2023. (Dkt. #1). On April 8, 2024, Defendants filed a pre-motion letter regarding their anticipated motion to dismiss in this matter. (Dkt. #22). The parties then appeared before this Court on April 25, 2024, for a pre-motion conference regarding Defendants' anticipated motion to dismiss. (*See* April 25, 2024 Minute Entry; Dkt. #24 (Transcript of Proceedings)). At that conference, the Court directed Plaintiff to submit a letter within 45 days, informing the Court of his intention to amend his complaint. (April 25, 2024 Minute Entry). Plaintiff failed to do so. Accordingly, on July 18, 2024, the Court ordered Plaintiff to submit a letter on or before August 1, 2024, indicating whether Plaintiff intended to amend the complaint, proceed on his original complaint, or voluntarily discontinue this action either with or without prejudice pursuant to Fed. R. Civ. P. 41. (Dkt. #29). Despite the Court's warning that Plaintiff's continued failure to comply with the Court's orders may result in dismissal of the action, Plaintiff failed to comply with the Court's directive.

On August 6, 2024, Defendants Todd Blumenthal, Brian Eng, Stephen Weafer, and FirstService Residential filed a letter renewing their request for dismissal of this action. (Dkt. #30). Defendant Local 32BJ SEIU joined that letter. (Dkt. #31). As such, the Court issued an Order to Show Cause on August 12, 2024, directing Plaintiff to show cause, in writing, why his case should not be dismissed for failure to prosecute and comply with Court orders by August 26, 2024. (Dkt. #32). Almost one month after the deadline, Plaintiff has still not complied with the Court's instructions.

Courts may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (recognizing federal courts' inherent authority to dismiss for the same reasons). Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake* v. *Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at

209 (internal quotation mark omitted) (quoting *Theilmann* v. *Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Nonetheless, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court considering should weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal in this action. Plaintiff has consistently failed to comply with Court orders or prosecute this case over a period of many months. This pattern of non-compliance has persisted despite the Court's attempts to work with Plaintiff and its explicit notice to him that his failure to prosecute and comply with Court orders would result in dismissal. (Dkt. #29, 32). Further, the Court has

considered — and attempted to implement — less drastic sanctions in the form of warnings. Despite that fact, Plaintiff has not communicated with the Court since the pre-motion conference held on April 25, 2024. (*See* April 25, 2024 Minute Entry).

Accordingly, the Court DISMISSES this action with prejudice for failure to prosecute and failure to comply with Court orders. *See Murphy* v. *Spaulding*, No. 20 Civ. 9013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (dismissing case for failure to prosecute after plaintiff neglected to file a second amended complaint or respond to the Court's show cause order); *Djokovic* v. *U.S. Justice Dep't*, No. 07 Civ. 2608 (SJ), 2008 WL 3200191, at *1-2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez* v. *Catholic Charities of the Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Dated: September 24, 2024
      New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge